IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

WARREN ALFRED ROYEA, JR.,       *

    Plaintiff,       *

       v.       *       3:08-CV-866-TMH
                                    (WO)

LEE COUNTY JUDICIAL SYSTEM,       *
*et al.*,
    Defendants.       *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Warren Royea, Jr., an inmate presently confined at the Lee County Detention Center located in Opelika, Alabama. In this complaint, Plaintiff challenges the failure of the grand jury to indict him on charges for which he was arrested on June 13, 2008. Plaintiff further complains that he received ineffective assistance from pre-trial counsel. Plaintiff names as defendants the Lee County Judicial System and Seth Donaldson, Esq. Plaintiff seeks damages and requests that the case against him be dismissed. (*Doc. No. 1 at 3-4.*)

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

**I. DISCUSSION**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*A. The Lee County Judicial System*

Plaintiff names the Lee County Judicial System as a defendant. A county judicial system is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's complaint against the Lee County Judicial System is due to be dismissed. *Id.*

*B. Seth Donaldson, Esq.*

Plaintiff complains that his appointed attorney withdrew from his case without first notifying him of his intent to withdraw. Prior to withdrawing as appointed counsel, a position Defendant Donaldson held for approximately three months, Plaintiff complains that counsel failed to contact him.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which a plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.' " *American Manufacturers*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under

section 1983."); *Otworth v. Vaderploeg*, 61 F. Appx. 163, 165 (6th Cir. 2003) ( "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983 .").

Since the conduct about which Plaintiff complains was not committed by a person or entity acting under color of state law, the § 1983 claims asserted against Defendant Donaldson are frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. Plaintiff's claims against this defendant are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

*C. The Pending Charge*

Plaintiff requests that the charge against him for possession of a forged instrument be dismissed. The criminal charge about which Plaintiff complains is presently pending before the state courts of Lee County, Alabama. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*., 401 U.S. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). That is, Plaintiff may pursue his constitutional challenges in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any

special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement on the charge currently pending against him. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits."). In light of the foregoing, dismissal of Plaintiff's challenge to the state criminal charge pending against him is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against the named defendants be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to the constitutionality of his pending criminal charge be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time; and

3. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that on or before **November 17, 2008** the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2008.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE